[S. F. No. 14824. In Bank.—July 6, 1933.]

DAISY NOEL et al., Respondents, v. ALFREDO CAPO-BIANCO et al., Appellants.

H. M. Anthony and Harold A. Harwood for Appellants.

Milton Marks for Respondents.

THE COURT.—The respondents have made a motion to dismiss this appeal or affirm the judgment on the ground that the appeal is not substantial and, in fact, presents no debatable question of law. The parties, excepting the city and county of San Francisco, own lots adjoining a private right of way known as Culebra Terrace, opening into Chestnut Street. The grade of Chestnut Street was recently raised and, of course, unless the Culebra Terrace is also raised, the use thereof for pedestrians and vehicles is rendered difficult, and the free and open enjoyment thereof is prevented. The plaintiffs, representing nine out of the thirteen lots served by the terrace, brought this action against the defendants Alfredo Capobianco and his wife (the owners of one lot) to have it declared that they had the right to

reconstruct and regrade the terrace, at their own cost and expense. The appeal is from the judgment in favor of plaintiffs and is brought to us on the judgment-roll. The court found that ever since September 14, 1911, "all of the parcels of real property fronting upon Culebra terrace have been subject to an easement of right of way over the said real property, for purposes of ingress and egress and for use as a private right of way", specifically describing the property so used. It also found that the use of the right of way was rendered difficult by reason of the change already mentioned, and, unless reconstructed, plaintiffs "will have no convenient nor free, open and unobstructed access to and from their real property" and that the grade could be raised according to plans prepared by the city and county of San Francisco, which reconstruction "will not interfere with but will aid and better the use and enjoyment of the real property owned by the defendants". The judgment was that plaintiffs had the right to do the work of reconstruction at their own cost and in accordance with the plans of the city and county of San Francisco.

The appellants contend that their property is taken for public use without compensation; that the judgment transcends the power of the court in declaratory relief actions; and that plaintiffs have no right to additionally burden their property by entering upon it for the purpose of making the alterations.

All of these contentions are answered by the findings and the judgment. In effect, the court declared that defendants' property was not taken or damaged, nor was any additional burden cast upon their property, and declared the rights of plaintiffs with respect thereto.

There is no merit in the appeal.

Judgment affirmed.